UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDUARDO GARZA MORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No.: 05-11651NMG |
| THE GILLETTE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ANSWER OF DEFENDANT THE GILLETTE COMPANY

Defendant The Gillette Company, by its attorneys, for its Answer to the numbered paragraphs contained in Plaintiff's Complaint, hereby states as follows:

## I.    INTRODUCTION

1.    Paragraph 1 of the Complaint is introductory in nature and, thus, no response is required.

## II.    JURISDICTION

2.    Paragraph 2 of the Complaint posits legal conclusions to which no response is required.

## III.    PARTIES

3.    Defendant admits the allegations contained in paragraph 3 of Section III of the Complaint.

4.    Defendant admits the allegations contained in paragraph 4 of Section III of the Complaint.

## IV.     FACTS

1.     Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.     Defendant admits that its records indicate that Plaintiff's native language is Spanish, and that Plaintiff also has proficiency in English and French, which is adequate for common business requirements; and, except as expressly admitted, is without information sufficient to admit or to deny the remaining allegations contained in paragraph 2 of the Complaint.

3.     Defendant is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 3 of the Complaint.

4.     Defendant is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 4 of the Complaint.

5.     Defendant is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 5 of the Complaint.

6.     Defendant is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 6 of the Complaint.

7.     Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.     Defendant admits that Claudio Ruben was employed by Defendant at the time Plaintiff began his employment, and, except as expressly admitted, denies the remaining allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant states that the allegations that Claudio Ruben offered a Controller position to some unidentified person at some unspecified time are so vague that a response is not possible.  To the extent a response is required, Defendant presently is without knowledge or

2

information sufficient to admit or to deny the allegations contained in paragraph 10 of the Complaint.

11.    Defendant is without knowledge or information sufficient to admit or to deny the allegations about what Plaintiff believed, and denies the remaining allegations contained in paragraph 11 of the Complaint.

12.    Defendant admits that Frank O'Connell was formerly employed by Defendant and held a position in the Human Resources department for Gillette Latin America; presently is without knowledge or information sufficient to admit or to deny the allegation that Plaintiff complained to Mr. O'Connell some seventeen years ago; and, except as expressly admitted, denies the remaining allegations contained in paragraph 12 of the Complaint.

13.    Given that these allegations refer to events that purportedly occurred over seventeen years ago and involve an employee who has left Gillette, Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 13 of the Complaint.

14.    Defendant admits that Jorge Micozzi was formerly employed by Defendant as Group President of Gillette Latin America; presently is without knowledge or information sufficient to admit or to deny the allegations regarding what Mr. Micozzi said, given that these allegations refer to events that purportedly occurred over seventeen years ago and involve an employee who has left Gillette; and, except as expressly admitted, denies the remaining allegations contained in paragraph 14 of the Complaint.

15.    Defendant is without knowledge or information sufficient to admit or to deny the allegations about what Plaintiff believed, and denies the remaining allegations contained in paragraph 15 of the Complaint.

9784240_5.DOC

16.     Defendant admits that Mexico is a market for its products, and, except as expressly admitted, denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that the positions of Group President, Group Marketing Director, and Group Finance Director are some of several significant positions at the Gillette Latin American Group; is without knowledge or information sufficient to admit or to deny the allegations regarding whether any Mexicans have ever occupied these positions; and, except as expressly admitted, denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that in or about January 1991, Plaintiff was promoted to the position of Senior Financial Analyst, and, except as expressly admitted, denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant is without knowledge or information sufficient to admit or to deny that Plaintiff received an evaluation on or about January 20, 1993; states that Plaintiff's performance evaluation for the year 1992 and for prior years are documents that speak for themselves as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 19 of the Complaint.

20.      Defendant admits that in or about February 1993, Plaintiff was promoted to the position of Financial Planning Manager, and, except as expressly admitted, denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits that in or about December 1993, Plaintiff was promoted to the position of Controller, and, except as expressly admitted, denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendant presently is without knowledge or information sufficient to admit or to deny that Plaintiff received an evaluation on or about January 5, 1994; states that Plaintiff's

performance evaluation for the year 1993 and for prior years are documents that speak for themselves as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits the allegations contained in paragraph 23 of the Complaint.

24.     Defendant is without knowledge or information sufficient to admit or to deny that Plaintiff received an evaluation on or about March 15, 2002; states that Plaintiff's performance evaluation for the year 2001 is a document that speaks for itself as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant states that the allegations that Plaintiff expressed an interest to become financially responsible for a larger group or region to some unidentified person are so vague that a response is not possible.  To the extent a response is required, Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant admits that in October 2002, Thomas Madsen, an American candidate from outside of Gillette, was appointed Vice President of Finance for Gillette Latin America; states that Mr. Madsen's position, like Plaintiff's Project Renaissance position in October 2002, was a grade 21; and, except as expressly admitted, denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendant admits that Plaintiff was chosen for the position of Finance Director of Project Renaissance in April 2002 based on his skills, background, and experience, and, except as expressly admitted, denies the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendant states that Plaintiff was assigned to a grade of 21 and received over $200,000 in localization funds in connection with his appointment to Finance Director of Project Renaissance, and, except as expressly admitted, denies the remaining allegations contained in paragraph 29 of the Complaint.

30.      Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant admits that some senior Gillette finance managers were made aware of an incident in which Gary Piscatelli, during a team meeting, slammed his palm on a table and made an inappropriate remark related to project strategies; further admits that the managers discussed potential consequences to impose on Mr. Piscatelli, up to and including termination; and, except as expressly admitted, denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff initially recommended to some senior finance managers that Mr. Piscatelli be disciplined for the incident at the team meeting; states that Plaintiff did not oppose management's final decision regarding the discipline to be imposed on Mr. Piscatelli for the incident; and, except as expressly admitted, denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant admits that Mr. Piscatelli slammed his palm on a table during a meeting on or about May 1, 2003, and, except as expressly admitted, denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     Defendant admits that Rick Lees is a senior Gillette finance manager, and, except as expressly admitted, denies the remaining allegations contained in paragraph 36 of the

9784240_5.DOC

Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.    Defendant admits that Plaintiff was the Finance Director of Project Renaissance in 2003; is without knowledge or information sufficient to admit or to deny the allegations regarding what Plaintiff expected; and, except as expressly admitted, denies the remaining allegations contained in paragraph 38 of the Complaint.

39.    Defendant admits that James M. Kilt, its Chairman and Chief Executive Officer, issued a letter on or about July 10, 2003; states that this letter is a document that speaks for itself as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 39 of the Complaint.

40.    Defendant admits that the Financial Leadership Team had responsibility for designating Next Generation Leaders, or N.G.L.s, within the finance area, according to established company criteria, and, except as expressly admitted, denies the remaining allegations contained in paragraph 40 of the Complaint.

41.    Defendant admits that the Financial Leadership Team had responsibility for designating Next Generation Leaders, or N.G.L.s, within the finance area, according to established company criteria, and, except as expressly admitted, denies the remaining allegations contained in paragraph 41 of the Complaint.

42.    Defendant admits that the criteria for designating N.G.L.s may be summarized as follows: demonstrated leadership competencies, medium to high learning capacity, strong performance track record, and mobility, interest and ambition to progress in career; and, except as expressly admitted, denies the remaining allegation in paragraph 42 of the Complaint.

43.    Defendant admits that when evaluating leadership competencies, the Financial

Leadership Team considers certain leadership skills, including but not limited to, building a successful team, drive for results, and strategic leadership, and, except as expressly admitted, denies the remaining allegations contained in paragraph 43 of the Complaint.

44.    Defendant admits that when evaluating a potential N.G.L.'s employment performance, the Financial Leadership Team considers the candidate's previous performance evaluations and current performance, among other criteria of potential, and, except as expressly admitted, denies the remaining allegations contained in paragraph 44 of the Complaint.

45.    Defendant states that Plaintiff's performance evaluations are documents that speak for themselves as to content and denies the remaining allegations contained in paragraph 45 of the Complaint.

46.    Defendant admits that when evaluating an N.G.L. candidate's talent development skills, the Financial Leadership Team considers the candidate's ability to identify and develop talent, among other competencies, and, except as expressly admitted, denies the remaining allegations contained in paragraph 46 of the Complaint.

47.    Defendant admits that Plaintiff has been employed with Gillette for seventeen years, and states that the remaining allegations are so vague that a response is not possible.  To the extent a response is required, Defendant presently is without knowledge or information sufficient to admit or to deny the remaining allegations contained in paragraph 47 of the Complaint.

48.    Defendant admits the allegations contained in paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.    Defendant is without knowledge or information sufficient to admit or to deny the

allegations about what Plaintiff believed; admits Plaintiff was not chosen to be an N.G.L.; and, except as expressly admitted, denies the remaining allegations contained in paragraph 51 of the Complaint.

52.    Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendant admits that it retained Alexander Caillet to work with Plaintiff; states that Mr. Caillet and his firm, Gunn Partners, also performed work for Project Renaissance and Mr. Ruben; and presently is without knowledge or information sufficient to admit or to deny the remaining allegations contained in paragraph 53 of the Complaint.

54.    Defendant is without knowledge or information sufficient to admit or to deny the allegations about what Plaintiff believed; admits Plaintiff was not chosen to be an N.G.L.; and, except as expressly admitted, denies the remaining allegations contained in paragraph 54 of the Complaint.

55.    Defendant states that the allegations that Plaintiff informed an unidentified person in Human Resources at some unspecified time about his "disturbing" conversations with the consultant are so vague that a response is not possible.  To the extent a response is required, Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendant presently is without knowledge or information sufficient to admit or to deny that Plaintiff received an evaluation on or about February 5, 2004; states that Plaintiff's performance evaluation for the year 2003 is a document that speaks for itself as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 56 of the Complaint.

9

57.     Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendant presently is without knowledge or information sufficient to admit or to deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendant admits that Asad Husain was Director of Human Resources; states that in August 2003, Plaintiff contacted Mr. Husain to discuss concerns about his management style, the problems Project Renaissance was experiencing, and his (Plaintiff's) opinion that his ethnicity affected the view of his leadership skills; and, except as expressly admitted, denies the remaining allegations contained in paragraph 59 of the Complaint.

60.     Defendant admits that during the August 2003 meeting with Mr. Husain, Plaintiff stated that he believed that some comments made by Defendant's employees were related to the fact that he is Mexican, and, except as expressly admitted, denies the remaining allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant admits that Plaintiff expressed an interest in being considered for the position of Oral-B's Vice President of Finance to his supervisor, Claudio Ruben, and presently is without knowledge or information sufficient to admit or to deny the remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendant admits that Plaintiff had some Oral-B work experience, but presently is without knowledge or information sufficient to admit or to deny the remaining allegations contained in paragraph 63 of the Complaint.

64.     Defendant admits that Plaintiff's job responsibilities included controlling collections, but presently is without knowledge or information sufficient to admit or to deny the

remaining allegations contained in paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.    Defendant admits that a non-Mexican candidate was hired for the position of Oral B's Vice President of Finance on or about April 22, 2004, and, except as expressly admitted, denies the remaining the allegations contained in paragraph 66 of the Complaint.

67.    Defendant admits the allegations contained in paragraph 67 of the Complaint.

68.    Defendant admits the allegations contained in paragraph 68 of the Complaint.

69.    Defendant is without knowledge or information sufficient to admit or to deny the allegations regarding what Plaintiff expected, and, except as expressly admitted, denies the remaining allegations contained in paragraph 69 of the Complaint.

70.    Defendant admits that in the July 13, 2004 meeting, Kevin Baker conveyed to Plaintiff that it was unlikely that he would be promoted to a vice president position in the near term based on Plaintiff's lack of success on Project Renaissance, and, except as expressly admitted, denies the remaining allegations contained in paragraph 70 of the Complaint.

71.    Defendant is without knowledge or information sufficient to admit or to deny the allegations regarding what Plaintiff believed; admits that Plaintiff was unlikely to be promoted to the position of Vice President of Finance in the near future; and, except as expressly admitted, denies the remaining allegations contained in paragraph 71 of the Complaint.

72.    Defendant admits that Plaintiff and Claudio Ruben, both Latinos, were the only two project leaders assigned to Project Renaissance and that they were both removed from Project Renaissance; states that other Latino employees worked on Project Renaissance and were not removed from the project; and, except as expressly admitted, denies the remaining allegations contained in paragraph 72 of the Complaint.

73.    Defendant admits the allegations contained in paragraph 73 of the Complaint.

74.    Defendant admits Plaintiff was removed from Project Renaissance in March 2004, and that approximately seven months earlier, he had met with Mr. Husain, as referenced in paragraphs 59 and 60 above; and, except as expressly admitted, denies the remaining allegations contained in paragraph 74 of the Complaint.

75.    Defendant admits that Plaintiff filed a discrimination complaint with Dawn Frazier-Bohnert, Gillette Vice President of Workforce Diversity and Inclusion, in approximately late July or early August of 2004, and, except as expressly admitted, denies the remaining allegations contained in paragraph 75 of the Complaint.

76.    Defendant admits that on or about August 4, 2004, Ms. Frazier Bohnert informed Plaintiff that Mike Estrada, Human Resources Director Global Financial Shared Services, would conduct an investigation into Plaintiff's discrimination complaints, and, except as expressly admitted, denies the remaining allegations contained in paragraph 76 of the Complaint.

77.    Defendant admits that Plaintiff gave a letter to Defendant's Chairman and CEO; states that this letter is a document that speaks for itself as to content; and, except as expressly admitted, denies the remaining allegations contained in paragraph 77 of the Complaint.

78.    Defendant admits the allegations contained in paragraph 78 of the Complaint.

79.    Defendant admits the allegations contained in paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in paragraph 80 of the Complaint.

V.    **CAUSES OF ACTION**

### COUNT ONE

#### Violation of M.G.L. Chapter 151B

81.    Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 80 of the Complaint with the same force and effect as if set forth fully

herein.

 82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

 83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

 84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

## COUNT TWO

Violation of Title VII, 42 U.S.C. § 2000e

 85. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 84 of the Complaint with the same force and effect as if set forth fully herein.

 86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

 87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

 88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

## COUNT THREE

Violation of 42 U.S.C. § 1981

 89. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 88 of the Complaint with the same force and effect as if set forth fully herein.

 90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

 91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

 92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

## COUNT FOUR

Intentional Infliction of Emotional Distress

 93. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 92 of the Complaint with the same force and effect as if set forth fully

9784240_5.DOC

herein.

94.    Defendant denies the allegations contained in paragraph 94 of the Complaint.

95.    Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.    Defendant denies the allegations contained in paragraph 96 of the Complaint.

## COUNT FIVE

Tortious Interference with Employment Relationship

97.    Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 96 of the Complaint with the same force and effect as if set forth fully herein.

98.    Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.    Defendant denies the allegations contained in paragraph 99 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief therein, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a prima facie case of employment discrimination under Title VII or Mass. Gen. Laws c. 151B

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred and/or reduced, in whole or in part, by his failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the applicable statute of limitations.

9784240_5.DOC

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that the Defendant's non-discriminatory reasons for its actions are a pretext for unlawful national origin discrimination.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the Workers' Compensation Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant respectfully reserves the right to assert additional affirmative defenses as discovery in this matter progresses.

WHEREFORE, the Defendant prays that Plaintiff take nothing by his Complaint, that the Complaint be dismissed in its entirety and with prejudice, that judgment enter in favor of the Defendant, and that the Defendant be awarded its costs, attorneys' fees and such other and further relief as the Court may deem warranted.

Respectfully submitted,

THE GILLETTE COMPANY

By its attorneys,

*/s/* Anthony D. Rizzotti
Anthony D. Rizzotti  (BBO# 561967)
Christine A. Phipps (BBO# 658942)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated:  August 26, 2005

15

<u>Certificate of Service</u>

I hereby certify that on August 26, 2005, a true and correct copy of the foregoing document was served upon the attorney of record, Neil Osborne, Esq., 41 West Street, 7th Floor, Boston, MA 02110, by first-class mail.

/s/ Christine A. Phipps
Christine A. Phipps

16

9784240_5.DOC