UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDUARDO GARZA MORA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GILLETTE COMPANY, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.: 05-11651NMG |

**DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO**
**LOCAL RULE 26.2(A) AND FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26.2(A) of the Local Rules of the District of Massachusetts and Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant The Gillette Company ("Gillette") submits the following initial disclosure statement and undertakes to make automatic disclosure of documents that may be relevant to disputed facts alleged with particularity in the pleadings in this action.

**Terms of Production**

1.  In making this initial disclosure, Defendant expressly and specifically reserves all objections to (a) any demand or discovery by Plaintiff involving or relating to the matters raised in the pleadings or in this disclosure, or (b) the materiality or admissibility of any documents or information referred to herein.

2.  Defendant expressly and specifically does not waive any attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from production. Defendant will not produce any documents protected by any of these privileges.

3.   In the event that any document produced by Defendant contains privileged, confidential, proprietary or irrelevant information, its disclosure is inadvertent and does not constitute a waiver of any privilege or objection with respect to the disclosed document or any of the information contained therein.

4.   This disclosure is based on information now available to Defendant after having made a diligent search in the limited time available of the files and other materials in its possession, custody or control that reasonably relate to disputed, relevant facts alleged with particularity in the pleadings. Defendant reserves the right, at any time, to revise, correct, supplement, modify or clarify the information set forth below and/or the documents disclosed herein, although Defendant does not undertake to do so except to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**Disclosure Pursuant to Rule 26(a)(1)(A)**

Defendant hereby provides to Plaintiff the name and, if known, the business or home address and telephone number and a general description of the relevant information known to each individual whom Defendant believes is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings.

1.   <u>Claudio Ruben, former Vice President & Controller of Gillette, 5319 Hunt Club Way, Sarasota, FL  34238.</u>

At times relevant to Plaintiff's claims, Mr. Ruben was Plaintiff's direct supervisor. Mr. Ruben has information regarding Plaintiff's employment at Gillette, including his job responsibilities and performance, and the facts and circumstances concerning his removal from Project Renaissance. He also has information regarding Plaintiff's allegations of discrimination by Gillette employees and Gillette's internal investigation into these allegations.

2.  <u>Jorge Micozzi, former President of Gillette Latin America Group, Demaria 4469 1425 Buenos Aires, Buenos Aires, Argentina.</u>

Mr. Micozzi has information relevant to Plaintiff's allegations that he made certain statements about Mexicans.

3.  <u>Gary Piscatelli, Manager of Financial Reporting & Analysis, The Gillette Company, Prudential Tower Building, Boston, MA 02199 (617) 421-7000.</u>

Mr. Piscatelli worked on Project Renaissance under Plaintiff's supervision. Mr. Piscatelli has information regarding Plaintiff's performance as Director of Project Renaissance and has knowledge of facts relevant to Plaintiff's allegations regarding his behavior at a meeting on or about May 1, 2003. Mr. Piscatelli also has knowledge of facts and information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

4.  <u>Rick Lees, Vice President of Finance, The Gillette Company, Prudential Tower Building, Boston, MA 02199 (617) 421-7000.</u>

Mr. Lees worked on Project Renaissance under Plaintiff's supervision and has information regarding Plaintiff's performance as Director of Project Renaissance. Mr. Lees also has knowledge of facts and information relevant to Plaintiff's allegations that he made certain statements about immigrants. In addition, Mr. Lees has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

5.  <u>Joseph Schena, Vice President & Controller, The Gillette Company, Prudential Tower Building, Boston, MA 02199 (617) 421-7000.</u>

Mr. Schena has information regarding Plaintiff's performance as Director of Project Renaissance. Mr. Schena also has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

6. <u>Asad Husain, Vice President of Human Resources, The Gillette Company, Prudential Tower Building, Boston, MA  02199 (617) 421-7000.</u>

Mr. Husain has information regarding Plaintiff's employment history and performance at Gillette.  Mr. Husain also has knowledge of information and facts relevant to Plaintiff's allegations of discrimination and Gillette's internal investigation into these allegations.

7. <u>Dawn Frazier-Bohnert, former Vice President of Workforce Diversity of Gillette, Payson Estate #5, 456 Belmont Street, Watertown, MA  02472.</u>

Ms. Frazier-Bohnert has knowledge of facts and information regarding Plaintiff's allegations of discrimination and Gillette's internal investigation of these allegations.

8. <u>Michael Estrada, Director of Human Resources, The Gillette Company, Prudential Tower Building, Boston, MA  02199 (617) 421-7000.</u>

Mr. Estrada conducted Gillette's internal investigation of Plaintiff's allegations of discrimination.  Mr. Estrada has knowledge of facts and information relevant to Plaintiff's allegations of discrimination and Gillette's internal investigation of these allegations.

9. <u>Chuck Cramb, former Senior Vice President of Finance and Chief Financial Officer of Gillette, 65 Commonwealth Avenue, Boston, MA  02116.</u>

Mr. Cramb has information regarding Plaintiff's employment history and performance at Gillette.

10. <u>Joseph Robinson, Controller, The Gillette Company, Prudential Tower Building, Boston, MA  02199 (617) 421-7000.</u>

Mr. Robinson worked on Project Renaissance under Plaintiff's supervision and has information regarding Plaintiff's performance as Director of Project Renaissance.  Mr. Robinson also has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

11. <u>Roland Larose, former Project Manager of Gillette, 23 Spruce Lane, Stratham, NH 03885</u>

Mr. Larose worked on Project Renaissance under Plaintiff's supervision and has information regarding Plaintiff's performance as Director of Project Renaissance. Mr. Larose also has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

12. <u>Brian Roberts, Financial Manager, The Gillette Company, Prudential Tower Building, Boston, MA  02199 (617) 421-7000.</u>

Mr. Roberts worked on Project Renaissance under Plaintiff's supervision and has information regarding Plaintiff's performance as Director of Project Renaissance. Mr. Roberts also has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

13. <u>Brian Nameth, Director of Internal Audit, The Gillette Company, Prudential Tower Building, Boston, MA 02199 (617) 421-7000.</u>

Mr. Nameth worked on Project Renaissance under Plaintiff's supervision and has information regarding Plaintiff's performance as Director of Project Renaissance. Mr. Nameth also has information regarding Gillette's internal investigation of Plaintiff's allegations of discrimination.

14. <u>Alexander Caillet, formerly of Gunn Partners, current contact information is unknown.</u>

Mr. Caillet was retained by Gillette to provide executive coaching to Plaintiff in his role as Director of Project Renaissance. Mr. Caillet has information relevant to Plaintiff's allegations that he made certain statements about Latin and American culture.

15. <u>Kevin Baker, Financial Director, The Gillette Company, Prudential Tower Building, Boston, MA 02199 (617) 421-7000.</u>

Mr. Baker has information regarding Plaintiff's employment at Gillette, including his job responsibilities and performance.

**Disclosure Pursuant to Rule 26(a)(1)(B)**

In accordance with Fed. R. Civ. P. 26(a)(1)(B), and subject to and without waiving the terms of production recited above, Gillette provides below a description by category of all documents, data compilations and tangible things in its possession, custody or control that the Defendant may use to support its claims or defenses. All such materials are located at the offices of Defendant's counsel, Ropes & Gray, One International Place, Boston, Massachusetts.

1. <u>Personnel records for Mr. Garza Mora.</u> This category of documents includes employment applications, employee evaluations, benefits and salary forms, correspondence, and related documents concerning the terms and conditions of Mr. Garza Mora's employment.

2. <u>Memorandum from Mike Estrada to Eduardo Garza Mora regarding the results of Gillette's internal investigation of his allegations of discrimination.</u>

3. <u>Documents pertaining to Massachusetts Commission Against Discrimination ("MCAD") proceedings.</u> This category of documents includes documents concerning the charge of discrimination filed by Mr. Garza Mora against the Defendant on December 9, 2004 with the MCAD and Defendant's statement of position, dated March 4, 2004, filed in response to Plaintiff's charge.

**Disclosure Pursuant to Rule 26(a)(1)(C)**

Without prejudice to its right to amend its answer as necessary and without waiving the terms of production set forth above, Defendant states that it does not claim damages at this time and, therefore, that no documents identified under Fed. R. Civ. P. 26(a)(1)(C) exist.

**Disclosure Pursuant to Rule 26(a)(1)(D)**

Defendant states that it knows of no "insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" and, therefore, that it knows of no documents identified under Fed. R. Civ. P. 26(a)(1)(D).

Respectfully submitted,

THE GILLETTE COMPANY

By its attorneys,

*/s/ Anthony D. Rizzotti*
Anthony D. Rizzotti  (BBO# 561967)
Christine A. Phipps (BBO# 658942)
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
Dated:  November 30, 2005            (617) 951-7000

<u>Certificate of Service</u>

I hereby certify that on November 30, 2005, a true and correct copy of the foregoing document was served upon the attorney of record, Neil Osborne, Esq., 41 West Street, 7th Floor, Boston, MA 02110, by certified mail.

>*/s/ Anthony D. Rizzotti*
>Anthony D. Rizzotti