UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDUARDO GARZA MORA,<br><br>          Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 05-11651NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER
AND INCORPORATED STATEMENT OF REASONS**

Plaintiff Eduardo Garza Mora and Defendant The Gillette Company hereby move for the Court to approve and enter the attached Confidentiality Stipulation as an Order of this Court. In support of this motion, the parties state that in the spirit of cooperation and in the mutual interest of advancing this litigation and, hopefully, avoiding time consuming motions and arguments before this Court compelling discovery and/or seeking protective orders, they have executed the attached Confidentiality Stipulation.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court approve and enter the attached Confidentiality Stipulation as an Order of this Court.

10015861_1.DOC

-2-

| EDUARDO GARZA MORA | THE GILLETTE COMPANY |
|---|---|
| By his attorney, | By its attorneys, |

| *Christine Phipps for Neil Osborne* w/ his consent cp | /s/ Christine A. Phipps |
|---|---|
| Neil Osborne (BBO# 567674) | Anthony D. Rizzotti (BBO# 561967) |
| 41 West Street, 7th Floor | Christine A. Phipps (BBO# 658942) |
| Boston, MA 02111-1216 | ROPES & GRAY LLP |
| (617) 482-1160 | One International Place |
|  | Boston, MA 02110-2624 |
|  | (617) 951-7000 |
| Dated: May 3, 2006 | Dated: May 3, 2006 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 5/3/06   *Christ. A. Phipps*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDUARDO GARZA MORA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE GILLETTE COMPANY,<br><br>　　　　　Defendant. | Civil Action No.: 05-11651NMG |

## CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, the Defendant believes that some of the documents and/or information which it intends to supply to the Plaintiff through the course of discovery in this action is confidential and proprietary in nature, and would be properly the subject of a confidentiality order by the court upon the presentation of a Motion for a Protective Order or other order seeking such judicially required confidentiality; and

WHEREAS, until the production of documents and information from the Defendant, the Plaintiff is unable to evaluate whether the documents and/or information are properly the subject of any confidentiality order and/or agreement;

NOW, THEREFORE, in the spirit of cooperation and in the mutual interest of advancing this litigation and, hopefully, avoiding time consuming motions and arguments before the Court compelling discovery and/or seeking protective orders, it is hereby stipulated and agreed by and between counsel for the parties as follows:

The Defendant will produce documents and information to the Plaintiff, and the Plaintiff will review such documents, subject to the confidentiality restrictions described below. In the event the Plaintiff does not agree with the Defendant's designation of documents as "Confidential" and/or "Highly Confidential" the Plaintiff and Defendant will cooperate in order

to obtain a judicial determination as to whether a confidentiality order is warranted in this action, and in the circumstances.

Certain documents produced by the Defendant during discovery shall be disclosed only pursuant to the following terms and conditions:

1. All or parts of documents and all information provided by the Defendant pursuant to discovery herein which Defendant reasonably believes contain confidential, sensitive, personally private, or proprietary information may be designated "Confidential" by counsel for the Defendant. While such a designation shall not be considered or contended to be a concession by the Plaintiff that all or any portion of said documents do, in fact, constitute confidential information entitled to protection as such, that designation shall be sufficient to cause such documents or portions thereof to be subject to the provisions of this Agreement.

2. All such documents designated "Confidential" and the information contained therein shall not be disclosed or used by the Plaintiff or other person for any purpose whatsoever other than the preparation of this case for trial. Any person to whom a document or information therefrom is disclosed other than (a) the Plaintiff's attorney in this action and (b) persons employed in such attorney's offices and assisting in the preparation of this action shall be provided with a copy of this Agreement and shall acknowledge in writing that he or she is subject to its provisions requiring that such non-public document and/or information be held in confidence and not be used for any purpose other than the preparation of this case for trial. In addition, any person other than those referred to in (a) and (b) above who receives copies of any documents designated as "Confidential" for the sole purposes of review in preparation of this case for trial shall acknowledge that he or she will promptly return said documents to the attorney who provided them upon completion of said review and any task undertaken by such person in connection with the preparation of this case for trial. Copies of all such written acknowledgments shall be maintained by the attorney of record who makes such disclosure and shall be provided to opposing counsel only upon motion and an Order of the Court requiring that any or all of said acknowledgments be so provided.

3. This Agreement shall not preclude showing all or parts of any document or information designated "Confidential" to a party or witness during deposition or trial, provided that such party or witness is not given a copy of any such confidential document to take from the place of said deposition or trial and provided further that such party or witness is first provided with a copy of this Agreement and is advised and/or acknowledges that he or she is bound by the provisions hereof. Any document or information designated "Confidential" which is used in a deposition or as an exhibit thereto shall be sealed, unless the parties agree otherwise. In addition, Defendant may generally designate any part or all of a deposition which involves testimony concerning Confidential documents and information as "Confidential" under this Agreement, by so stating on the record during the deposition.

4. Nothing contained in this Agreement shall be construed to prejudice either party's right to use in court proceedings in this action any "Confidential" documents or information protected by this Agreement, or exhibits prepared therefrom, provided the confidentiality in the formal record of any such document or information prepared therefrom shall be protected as decreed by the Court. The designating party shall bear the burden of taking whatever steps necessary for documents filed with the Court to be treated confidentially by the Court.

5. Defendant may designate all or part of documents or other information provided in discovery as "Highly Confidential." All such documents designated "Highly Confidential" and the information contained therein shall not be shown or communicated to anyone other than (a) Plaintiff's attorney, (b) persons employed in such attorney's office and assisting in the preparation of this action, and (c) any expert retained by Plaintiff's counsel to assist in the preparation of this action ("Said Persons") and shall not be disclosed or used by Said Persons for any purpose whatsoever other than the preparation of this case for trial.

6. Upon final termination of this action, including all appeals, Plaintiff's attorney shall destroy all "Confidential" and "Highly Confidential" documents, including any copies, extracts or summaries thereof or documents containing information taken therefrom, but

10003178_1.DOC

excluding any materials which in the judgment of counsel are work product materials. Upon the request of Defendant's counsel, Plaintiff's attorney shall provide certification that all such documents have been destroyed. Upon express approval of the Court, after final termination of this action, Plaintiff's counsel will take such steps as Defendant's counsel may reasonably request to insure the continued protection of information contained in work product material.

7. The obligations of non-disclosure contained in this Confidentiality Agreement shall continue in full force and effect beyond and notwithstanding the termination of this action.

| EDUARDO GARZA MORA | THE GILLETTE COMPANY |
|---|---|
| By his attorney, | By its attorneys, |
| /s/ (signature) | /s/ Anthony D. Rizzotti |
| Neil Osborne (BBO# 567674) | Anthony D. Rizzotti (BBO# 561967) |
| 41 West Street, 7th Floor | Christine A. Phipps (BBO# 658942) |
| Boston, MA 02111-1216 | ROPES & GRAY LLP |
| (617) 482-1160 | One International Place |
| | Boston, MA 02110-2624 |
| | (617) 951-7000 |
| Dated: April 28, 2006 | Dated: April 28, 2006 |

APPROVED AND ENTERED, this ___ day of _____, 2006.

_____
The Honorable Nathaniel M. Gorton

4

Finalized Stipulation and Confidentiality agreement.DOC